1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KHENE KEOVONGSA, | Case No.: 16-cv-842-BTM-NLS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC 10]** |
| CAROLYN COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY, | |
| Defendant. | |

On August 22, 2016 Defendant filed a motion to dismiss. (ECF No. 10). For the reasons discussed below, Defendant's motion is **GRANTED.**

## I. FACTUAL BACKGROUND

On April 16, 2016, Plaintiff, Khene Keovongsa, filed for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381. (Compl. ¶ 5, ECF No. 1.) The application stated that Plaintiff was disabled since 2008, citing numerous reasons including peripheral neuropathy, chronic neck and back pain related to spinal scoliosis, arthritis, and several mental illnesses. (Id.)

1      After the Social Security Administration ("SSA") denied her application at the

2   reconsideration level, Plaintiff and her attorney requested an administrative

3   hearing.  (Compl. ¶ 9.)  On March 21, 2014, Administrative Law Judge ("ALJ")

4   Mason Harrell held a hearing.  (Compl. ¶ 10.)  On April 11, 2015, the ALJ denied

5   her application for benefits.  (Compl. ¶ 10.)  The decision was mailed to an incorrect

6   address and to an attorney who was not Plaintiff's attorney.  (Compl. ¶¶ 10–11.)

7   Plaintiff never received the ALJ's decision by mail.  (Compl. ¶ 10.)

8      On December 22, 2014, Plaintiff went to the San Diego Office of Disability

9   Adjudication and Review and obtained a copy of the ALJ's decision.  (Compl. ¶

10  11.)  However, it was too late for her to file an appeal. (Compl. ¶ 11.)  Plaintiff was

11  instead advised to file a new application.  (Compl. ¶ 12.)  On March 11, 2016, the

12  Appeals Council denied Plaintiff's application for benefits, making the ALJ's

13  decision the final decision of the Commissioner of Social Security.  (Compl. ¶ 17.)

14     On April 7, 2016, Plaintiff filed a Complaint alleging six causes of actions

15  including four violations of the Social Security Act, a Due Process claim, and a

16  violation of the Administrative Procedure Act ("APA").  (Compl. ¶¶ 18–34.)

17

18                              **II. DISCUSSION**

19     Defendant moves to dismiss Plaintiff's fifth cause of action, arguing a lack

20  of subject matter jurisdiction.  Defendant also moves to dismiss Plaintiff's fourth

21  and fifth causes of action on the ground of mootness.  Plaintiff argues that

22  Defendant's motion should be denied because under Federal Rule of Civil

23  Procedure 12(b), it should have been filed before its Answer.  However,

24  "[s]ubject-matter jurisdiction can never be waived or forfeited."  *Gonzalez v.*

25  *Thaler*, 565 U.S. 134, 141 (2012).  "The objections may be resurrected at any

26  point in the litigation, and a valid objection may lead a court midway through

27  briefing to dismiss a complaint in its entirety."  *Id.*  Therefore, the Court

28  addresses each argument below.

1  **A. Lack of Subject Matter Jurisdiction**

2      Federal courts are courts of limited jurisdiction and may only hear cases as

3  authorized under Article III, section 2 of the Constitution.  *Kokkonen v. Guardian*

4  *Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  Under Federal Rule of Civil

5  Procedure 12(b)(1), a defendant may to move to dismiss a complaint for lack of

6  subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A complaint should be

7  dismissed for lack of subject matter jurisdiction if the cause (1) does not "arise

8  under" the Federal Constitution, laws, or treaties; or (2) is not a "case or

9  controversy" within the meaning of Article III, section 2 of the Constitution; or (3)

10  is not one described by any jurisdiction statute.  *Baker v. Carr*, 369 U.S. 186, 199

11  (1962).

12      A court further lacks subject matter jurisdiction over a claim against the

13  United States if it has not consented to be sued on that claim.  *Consejo de*

14  *Desarrollo Economico de Mexicali, A.C., v. United States*, 482 F.3d 1157, 1173

15  (9th Cir. 2007).  "When the United States consents to be sued, the terms of its

16  waivers of sovereign immunity define the extent of the court's jurisdiction."

17  *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173.  A waiver

18  of sovereign immunity cannot be implied, but must be unequivocally expressed.

19  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  Generally, purported

20  statutory waivers of sovereign immunity are not to be liberally construed.

21  *Consejo de Desarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173.

22      Under the Social Security Act, the relevant jurisdictional provision provides

23  that:

24      The findings and decision of the Commissioner of Social Security after a
    hearing shall be binding upon all individuals who were parties to such
25      hearing.  No findings of fact or decision of the Commissioner of Social
    Security shall be reviewed by any person, tribunal, or governmental agency
26      except as herein provided.  No action against the United States, the
    Commissioner of Social Security, or any officer or employee thereof shall
27

28

16-cv-842-BTM-NLS

1
2

be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

3   42 U.S.C. § 405(h).  This provision bars district court federal-question jurisdiction

4   over suits which seek to recover Social Security benefits.  *Weinberger v. Salfi*,

5   422 U.S. 749, 757 (1975).  The scope of this provision applies in a typical "Social

6   Security . . . benefits case, where an individual seeks a monetary benefit from the

7   agency . . ., the agency denies the benefit and the individual challenges the

8   lawfulness of that denial."  *Shalala v. Council on Long Term Care*, 529 U.S. 1, 10

9   (2000).

10   The Social Security Act itself provides for district court review of a

11   Commissioner's final decision.  Pursuant to 42 U.S.C. § 405(g), jurisdiction is

12   limited to the question of whether the findings of fact in the decision are

13   supported by substantial evidence and whether proper legal standards were

14   applied.  Section 405(g) states:

15
16
17
18
19
20

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.

21   As the Supreme Court held in *Shalala*, reading these two provisions in

22   conjunction, Section 405(h) "purports to make exclusive the judicial review

23   method set forth in [section] 405(g)."  *Shalala v. Council on Long Term Care*, 529

24   U.S. 1, 10 (2000).

25   Here, Plaintiff's fifth cause of action is a claim for relief under the APA.

26   (Compl. ¶¶ 31–32.)  She claims that Defendant "failed to afford [her] a full and

27   fair hearing . . . , in violation of the [APA], § 5 U.S.C. § 706(2)(A)."  (Id.)  She

28   incorporates by reference paragraphs one through thirty of her complaint, which

1    detail the filing and eventual denial of her Social Security application.  (Id.)  The

2    APA "does not afford an implied grant of subject-matter jurisdiction permitting

3    federal judicial review of agency action."  *Califano v. Sanders*, 430 U.S. 99, 107

4    (1977).  Ordinarily, because the APA is a federal statute, the court would have

5    jurisdiction under 28 U.S.C. § 1331.  However, as discussed above, because her

6    APA claim arises under the Social Security Act, federal-question jurisdiction is

7    barred.  As such, the Court has no subject matter jurisdiction over her claim.

8        Therefore, Defendant's motion to dismiss as to Plaintiff's fifth cause of

9    action is **GRANTED.**

10

11   **B. Mootness**

12       Defendant also argues that claims four and five in the complaint are moot.

13   Because the court has no subject matter jurisdiction over Plaintiff's fifth cause of

14   action, it need only address Plaintiff's fourth cause of action below.

15       A claim becomes moot "when the issues presented are no longer live or the

16   parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*,

17   395 U.S. 486, 496 (1969).  "If there is no longer a possibility that a party can

18   obtain relief for his claim, that claim is moot and must be dismissed for lack of

19   jurisdiction."  *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir.

20   1999).

21       ***1. Due Process Claim***

22       As her fourth cause of action, Plaintiff claims that Defendant failed to notify

23   her of the ALJ's denial, and in turn failed to afford her a full and fair hearing, in

24   violation of her procedural due process rights under the Fifth Amendment.

25   (Compl. ¶ 30.)  Defendant argues that this claim is moot because although

26   Plaintiff may have initially received deficient notice, "she was still able to

27   complete the administrative appeals process, providing this Court with jurisdiction

28   and . . . her potential remedies were unaffected.  (Def.'s MTD at 9.)

1  To establish her due process claim, Plaintiff must show: "(1) a property

2  interest protected by the Constitution; (2) a deprivation of the interest by the

3  government; and a (3) and a lack of required process." *Ulrich v. City & County of*

4  *San Francisco,* 308 F.3d 968, 974 (9th Cir. 2002).  Generally, remedies for a

5  procedural due process violation include declaratory and injunctive relief,

6  compensatory damages, and/or nominal damages.  *See Carey v. Piphus*, 435

7  U.S. 247, 266 (1978).  However, it is well established that federal agencies

8  cannot be sued for money damages for constitutional violations.  *FDIC v. Meyer*,

9  510 U.S. 471, 486 (1994).

10  Here, because Plaintiff is suing the Commissioner in her official capacity,

11  Plaintiff is limited to declaratory or injunctive relief.  Though Plaintiff was initially

12  provided with deficient notice, it is undisputed that the Appeals Council later

13  reviewed her application and finalized the ALJ's decision.  Therefore, there is no

14  procedural harm to redress and Plaintiff's procedural due process claim is

15  rendered moot.

16  Defendant's motion as to Plaintiff's fourth cause of action is **GRANTED**.

17

### III. CONCLUSION

18

19  For the reasons discussed above, Defendant's motion to dismiss Plaintiff's

20  fourth and fifth causes of action is **GRANTED.**

21

22  **IT IS SO ORDERED.**

23  Dated: November 28, 2016

24  _____

25  Barry Ted Moskowitz, Chief Judge
United States District Court

26

27

28

16-cv-842-BTM-NLS