UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHENE KEOVONGSA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 3:16-CV-00842-BTM-NLS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF Nos. 24, 30]** |

Pending before for the Court is Plaintiff Khene Keovongsa's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), (ECF No. 24), and request for judicial notice, (ECF No. 30). For the reasons discussed below, the Court grants in part Plaintiff's motion and grants the request for judicial notice.

## I. BACKGROUND

On April 7, 2016, pursuant to 42 U.S.C. § 405(g), Plaintiff filed this action seeking review of the Commissioner's final decision to deny her social security benefits. (ECF No. 1.) On September 29, 2017, the Court concluded that the Administrative Law Judge ("ALJ") lacked substantial evidence in finding that Plaintiff did not suffer from a medically severe impairment and remanded the

case for further administrative proceedings. (ECF No. 20.)

## II. STANDARD

The EAJA provides in part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that Plaintiff is the prevailing party in this action or that the government's position was not substantially justified.

Plaintiff's attorney, Alexandra Manbeck, requests compensation for a total of 81.5 hours and argues that a $50 enhancement is warranted in this case because of her specialized expertise. Ms. Manbeck also requests $50 for costs. Defendant objects to the proposed enhancement and disputes some of the proposed hours.

**A. Reasonable Hours Expended**

Plaintiff has submitted a declaration from her attorney, Ms. Manbeck, itemizing the hours spent on this case. Ms. Manbeck's declaration states that she spent a total of 81.5 hours on this case, 74 hours on work performed before filing the reply brief and an additional 7.5 for preparing the reply brief and communicating with Plaintiff's family. Defendant disputes numerous entries as either excessive, duplicative, or otherwise not properly compensable under the EAJA.

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded from an award of fees. *Id.* at 434.

//

### 1. Claims IV and V

Defendant takes issue with the hours Plaintiff's counsel spent litigating claims four and five, which were dismissed by the Court after granting Defendant's motion to dismiss. Defendant urges the Court to reduce the hours spent on the Complaint or in the alternative, exclude any award for hours spent defending the claims against the motion to dismiss. Plaintiff, on the other hand, argues that good litigation strategy required Ms. Manbeck to raise every possible cause of action.

When "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Indeed, "[t]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees . . . ." *Id.* at 440. In cases of partial success, the Ninth Circuit requires district courts to follow a two-step process which is referred to as the "*Hensley* analysis." *Ibrahim v. Dep't of Homeland Sec.*, Nos. 14-16161, 14-17272, 2019 WL 73988, at *19 (9th Cir. Jan. 2, 2019) (en banc). "[F]irst, the court must determine whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* (citing *Hensley*, 461 U.S. at 434). "This inquiry rests on whether the 'related claims involve a common core of facts or are based on related legal theories.'" *Id.* (quoting *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003)). Time spent on unsuccessful but related claims is to be included in the lodestar, but "[h]ours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Webb*, 330 F.3d at 1168.

The second step requires the district court to consider "whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Ibrahim*, 2019 WL 73988, at *19 (internal quotations and citation omitted). At this step, a district court may apply

a downward adjustment by "award[ing] only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440, including hours spent on unsuccessful claims that could not be isolated or severed cleanly from the whole in the context of the first *Hensley* step, *Webb*, 330 F.3d at 1169.

The Court agrees with Defendant that Plaintiff was not successful on her fourth and fifth claims. Plaintiff filed a Complaint alleging the following claims: (1) the ALJ erred by failing to consider Plaintiff's disabling pain; (2) the ALJ erred by failing to consider Plaintiff's multiple physical and mental impairments; (3) the ALJ erred by failing to give Plaintiff's treating physicians' opinions the appropriate weight; (4) the ALJ violated Plaintiff's right to due process by failing to notify her of the denial; and (5) the ALJ violated the Administrative Procedure Act ("APA") by failing to afford Plaintiff a full and fair hearing. Defendants moved to dismiss claims four and five for mootness and claim five for lack of subject matter jurisdiction. The Court granted Defendant's motion to dismiss, holding that claim four was moot and that the Court lacked subject matter jurisdiction over claim five. Thus, Plaintiff did not prevail on these claims.

Under the first *Hensley* step, the Court must determine whether these claims are related to the claims on which she succeeded. *Ibrahim*, 2019 WL 73988, at *19. This requires the Court to decide whether the successful claims and unsuccessful claims "involve a common core of facts or are based on related legal theories." *Id.* "[C]laims are unrelated if the successful and unsuccessful claims are distinctly different both legally and factually." *Webb*, 330 F.3d at 1169 (internal citations omitted). Here, Plaintiff's successful claims are unrelated to claims four and five as they did not require the Court to determine whether Plaintiff received a fair hearing or whether her due process rights were violated. Accordingly, claims four and five are not related to her successful claims.

Having determined that the unsuccessful claims are unrelated, the Court

must next look to whether the claims "were entirely distinct and separate from the successful claims." *Webb*, 330 F.3d at 1169. Based on the declaration submitted by Ms. Manbeck, it is not possible to isolate the time she devoted on claims four and five in preparing the Complaint. However, it is possible to isolate the hours Ms. Manbeck spent on defending Defendant's motion to dismiss given that only claims four and five were at issue. Therefore, the Court will exclude 8.75 hours from the award.

### 2. Clerical Tasks

Defendant also challenges the hours spent on "clerical tasks," arguing that they are not compensable under the EAJA. Tasks that are clerical in nature are not compensable as attorney's fees under the EAJA. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Courts have routinely found that time spent on electronically filing documents is not compensable under the EAJA. *Jones v. Metro. Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012); *Clemons v. Berryhil*, No. 16-cv-00981-JLT, 2017 WL 3581738, at *4 (E.D. Cal. Aug. 18, 2017). Similarly, time spent on preparing summonses and cover sheets is considered clerical in nature. *Uhl v. Colvin*, 13-cv-1303-SMS, 2016 WL 3361800, at *2 (E.D. Cal. June 16, 2016). The Court agrees that the entries for April 7 and 25, 2016 are clerical in nature. Therefore, the Court will reduce the total time by .75 hours.

### 3. Briefing

Lastly, Defendant argues that Plaintiff's counsel spent an excessive amount of time on the motion for summary judgment brief and EAJA petition given Ms. Manbeck's experience with litigating social security cases. The Administrative Record was 375 pages long and contained the opinions of at least ten doctors. Plaintiff was tasked with arguing that the ALJ's decision regarding both her mental and physical impairments was not supported by substantial evidence. The Court does not find the time spent on preparing the briefs to be

5

3:16-CV-00842-BTM-NLS

unreasonable. Thus, the Court will not reduce the hours any further.

**B. Enhanced Hourly Rate**

Plaintiff proposes that an hourly enhancement rate of $50 is appropriate, while Defendant argues that the statutory maximum, with the cost of living adjustment, should control. The EAJA provides in part that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The adjusted hourly rate in the Ninth Circuit, taking into account increases in cost of living, was $192.68 in 2016, $196.79 in 2017, and $201.60 in 2018.[1]

Hourly rate enhancements based upon limited availability of qualified attorneys are typically appropriate "where the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the statutory rate.'" *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005)).

Plaintiff argues that an increase in hourly rate is appropriate because of Ms. Manbeck's specialized expertise in the Vietnamese language, social security law, and experience in assisting immigrants and refugees from South East Asia. Without Ms. Manbeck, Plaintiff contends she would have been unable to present her case because there was no attorney in San Diego who was willing to represent her without requesting advanced payment of legal fees.

---

[1] The adjusted EAJA rates for the Ninth Circuit from 2009 to the present are available at www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited January 28, 2019).

Defendant concedes that Ms. Manbeck is fluent in Vietnamese but argues that these language skills were not necessary for her work except when speaking with her client. Defendant, therefore, urges that if the Court is inclined to award an enhancement, it should only do so for time spent communicating with Plaintiff. There is no question that foreign language fluency alone may constitute a specialty that warrants an enhancement. *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("Examples of [some distinctive knowledge or specialized skill] would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language."). However, here, it is unclear how Ms. Manbeck's fluency in Vietnamese was critical to this case. Plaintiff is a Laotian refugee whose preferred language is Laotian. (ECF No. 9, Administrative Record, 179.) Neither Plaintiff nor Ms. Manbeck asserts that her fluency in Vietnamese was used to communicate with Plaintiff. In fact, Plaintiff asserts that Ms. Manbeck communicated with Plaintiff's relatives to properly represent her. (Pl.'s Reply, ECF No. 27, 4.) Therefore, Ms. Manbeck's language skills offered her no special advantage in the instant case. *See Nayab v. Astrue*, No. 07cv0733 JM, 2008 U.S. Dist. LEXIS 86927, at *17 (Oct. 28, 2008) (finding that the attorney's fluency in Vietnamese was not necessary to the case where the plaintiff was from Afghanistan and spoke Farsi).

Plaintiff also argues that Ms. Manbeck's expertise in social security law and in working with refugees warrants an enhancement. While the Ninth Circuit in *Pirus v. Bowen*, 868 F.2d 536, 546 (9th Cir. 1989) approved a fee enhancement for an attorney that specialized in social security cases, that case "involved a highly complex area of the Social Security Act" that "required substantial knowledge of the legislative history of the 'widow's insurance' provisions of the Act." By Contrast, Plaintiff's case was not a highly complex case and thus her knowledge in social security law alone does not warrant an enhancement.

Nevertheless, the Court finds that her expertise in social security law

coupled with her experience with South East Asian refugees was indispensable to representing Plaintiff. Plaintiff in part appealed the Commissioner's failure to consider her psychological impairment. Dr. Henderson and Dr. Lessner diagnosed her with severe depression, post-traumatic stress disorder, and bi-polar disorder. Dr. Engelhorn, on the other hand, attributed her impairments to "acculturation problems," a diagnosis the ALJ credited. Ms. Manbeck's experience with refugee culture was, therefore, crucial to understanding Plaintiff's psychological impairment and successfully advocating on her behalf.

Moreover, Plaintiff demonstrates that she could not have received specialized representation elsewhere at the statutory rate. *See Nadarajah v. Holder*, 569 F.3d 906, 915 (9th Cir. 2009) (citing *Atlantic Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 493 (1st Cir. 2000) (noting that a declaration stating with "at least modest support" that legal assistance at the statutory rate was unavailable to plaintiff was sufficient showing that no other counsel would represent plaintiff at the statutory rate). In her declaration submitted as part of her motion for attorney's fees, Plaintiff states that after presenting her case to "numerous law firms specializing in social security law," no law firm agreed to represent her without advanced payment, which Plaintiff could not afford. (ECF. No. 24-3, ¶1, ¶4.) Plaintiff claims that Ms. Manbeck was the only attorney who agreed to represent her without requesting advanced payment. (Id. at ¶4.) Moreover, Plaintiff states that she "lost five years of benefits during the period of 2008 to 2012 when [she] was unable to find legal representation." (Id.) Thus, Plaintiff sufficiently establishes that qualified counsel was not available to litigate this case at the statutory maximum hourly rate.

Read together, Plaintiff's and Ms. Manbeck's declarations support the request for a rate enhancement. *See Nadarajah*, 569 F.3d at 915. The Court is convinced that few attorneys possess the distinctive knowledge and specialized skill required to advocate on behalf of refugee clients. The Court also agrees

that another attorney would not take this matter for the statutory rate. Therefore, a higher fee is justified because of the special factors in this case. Finally, the Court finds that an enhancement of $50 above the statutory rate is reasonable based on a number of cases from the Southern District of California where a $50 enhancement was granted. *See, e.g.*, *Keovongsa v. Berryhill*, 16-cv-841-BAS-AGS (S.D. Cal. June 7, 2018); *Nguyen v. Berryhill*, 10-cv-2349-LAB-MDD, 2017 WL 3020958 (S.D. Cal. July 17, 2017); *Phan v. Astrue*, 07-cv-862-JLS-AJB, 2008 U.S. Dist. LEXIS 48112 (S.D. Cal. Nov. 13, 2008).

**C. Payment to Plaintiff's Counsel**

Plaintiff requests that the fee award be made payable to Ms. Manbeck, subject to any federal debt offset. Defendant argues that pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fee must be payable to Plaintiff, not her attorney. The EAJA expressly authorizes an award of fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). However, district courts have ordered payment of EAJA fees directly to the litigant's attorney when the fees have been assigned to plaintiff's counsel in a fee agreement and the government has exercised its discretion to waive the requirement of the Anti-Assignment Act, 31 U.S.C. § 3727. *See Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015); *Reed v. Berryhill*, No. 16-cv-05675, 2017 WL 2903218, at *3 (W.D. July 7, 2017). Here, it appears Defendant may be willing to waive the requirements of the Anti-Assignment Act if the United States Department of the Treasury determines that Plaintiff does not owe a government debt. Accordingly, the Court finds that EAJA fees may be paid directly to Ms. Manbeck, subject to a fee assignment and Defendant's waiver of the Anti-Assignment Act's requirements.

**D. Plaintiffs' Request for Judicial Notice**

Plaintiff has submitted a request for judicial notice of another case in this district along with her motion for attorney's fees. (ECF No. 30.) Plaintiff's request for judicial notice is **granted**.

//
//

## III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees (ECF No. 24) is **granted in part**. The Court grants Plaintiff a recovery of 47.25 hours (56.75 reduced by 9.5), which multiplied by the rate of $242.68 per hour, comes to an award of $11,466.63 for Ms. Manbeck's work in 2016. Additionally, the Court grants Plaintiff a recovery of 17.25 hours, which multiplied by the rate of $246.79 per hour, comes to an award of $4257.13 for Ms. Manbeck's work in 2017. Finally, the Court grants Plaintiff a recovery of 7.5 hours spent on the reply briefing, which multiplied by the rate of $251.60 per hour, comes to an award of $1887.00 for Ms. Manbeck's work in 2018. Therefore, the Court awards Plaintiff a total of $17,610.76 in attorney's fees and $50 in costs, for a total judgment of $17,660.76, to be paid to Ms. Manbeck in accordance with the discussion above. Plaintiff's request for judicial notice (ECF No. 30) is **granted**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: January 28, 2019

_____
Honorable Barry Ted Moskowitz
United States District Court